# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BOMBERGER,<br><br>　　　　　　　　　Plaintiff,<br>　vs.<br>THEO HANSON, et al.,<br><br>　　　　　　　　　Defendant. | CASE NO. 14cv357-LAB (RBB)<br><br>**ORDER OF REMAND** |

Defendant Theo Hanson, proceeding *pro se*, removed this case from the Superior Court of California for the County of San Diego, citing diversity jurisdiction. The claims arise from state law only.

The notice of removal alleges that Bomberger is a California citizen, that Hanson was a California citizen at the time the complaint was filed but has since become an Illinois citizen, and that the other Defendant,[1] Heartland Coalition, Inc., is a California corporation. Heartland has appeared as a party in state court but did not join in the notice of removal, in violation of 28 U.S.C.A. § 1446(b)(2)(A). But that is not the most serious problem.

The pleadings establish conclusively that the parties are not diverse. Although Hanson alleges he is an Illinois citizen for purposes of diversity jurisdiction, this legal

---

[1] The caption indicates that Heartland is a Cross-plaintiff and Bomberger a Cross-defendant. Tnotice of removal alleges that Heartland also filed a cross-complaint against Hanson, but never served it on Hanson. The cross-complaint is not attached to the notice. But it is clear Heartland has appeared and is actively litigating.

conclusion is unwarranted, because citizenship for diversity purposes is determined as of the date the case is filed in state court. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569–71 (2004) (noting long-standing rule that, for purposes of diversity jurisdiction, citizenship is determined as of the time of filing). *See also Fed'l Ins. Co. v. Brasscraft Mfg. Co.*, 2014 WL 545786, *3 n.14 (C.D.Cal., Feb. 10, 2014) (diversity jurisdiction in removed case was determined with regard to plaintiff's citizenship at the time the suit was filed in state court). Because Hanson was a California citizen at the time the suit was filed, he is not diverse from the other California parties.

But more than this, because Heartland is a California corporation, it is a California citizen for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1) (providing that a corporation is a citizenship of the states in which it is incorporated and has its principal place of business). Because Heartland and Bomberger are both California citizens, complete diversity is lacking. *See Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005) (holding that diversity jurisdiction requires complete diversity between all plaintiffs and all defendants).

Because jurisdiction is lacking, this action is **REMANDED** to the Superior Court of California for the County of San Diego.

**IT IS SO ORDERED**.

DATED: February 20, 2014

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge